IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FREDDIE J. BORDERS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ARCH ALUMINUM & GLASS CO., INC., )<br>)<br>Defendant. ) | Case No. 07-2188-JPO |

# **ORDER**

On December 30, 2008, the court convened a status and limine conference in this employment discrimination case. The plaintiff, Freddie J. Borders, appeared through counsel, Steven D. Steinhilber. The defendant, Arch Aluminum & Glass Company. Inc., appeared through counsel, Donald S. Prophete and Greta N. Hininger.

During the conference, the court took up defendant's motion in limine (**doc. 65**). The court has reviewed plaintiff's response (doc. 73) and accorded counsel an opportunity for oral arguments. As explained below, defendant's motion is granted in part and denied in part.

In ruling on motions in limine, the court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the

> court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.

*First Sav. Bank, F.S.B. v. U.S. Bancorp,* 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000) (citations omitted).

Defendant requests the court exclude, as irrelevant or unfairly prejudicial, evidence of other employees' unrelated reports of discrimination or harassment. *See Sprint/United Mgmt. Co. v. Mendelsohn*, ___ U.S. ___, 128 S.Ct. 1140 (2008) (admissibility of evidence of discrimination by other supervisors is fact based and depends in part on relationship to circumstances and theory of case). Plaintiff states he is *not* planning on introducing any evidence with respect to discrimination claims of anyone else. Although this aspect of defendant's motion in limine probably is moot, given the current state of the record, the court is of the view this type of evidence *may* be relevant to the claims in this case. Accordingly, the court will address this issue *if* it arises at trial, *and if* defendant makes a timely objection.

Defendant next requests that the court should not permit plaintiff to "reference or draw any adverse inference" from (1) Doug Couch's failure to retain any notes which he may have made concerning the dates of verbal warnings to plaintiff, and (2) Bob Naylor's failure to retain loading sheets which indicated the time plaintiff's truck was loaded. Plaintiff responds that he does not intend to ask the court for an adverse inference instruction.[1] Based

---

[1] Plaintiff states he is "not **currently** planning on requesting an adverse inference instruction of any sort." Doc. 73, at 2 (emphasis added).

on the current record, the court finds a spoilation instruction is not warranted.[2]  *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997) (adverse inference must be predicated on bad faith of party destroying the records; mere negligence in losing or destroying records not enough).

Defendant also argues the court should exclude as irrelevant and unfairly prejudicial evidence that Couch did not retain his notes and that Naylor did not preserve the loading sheets.  Plaintiff asserts he should be permitted to question Couch and Naylor about their failure to preserve the documents, and the jury should be permitted to draw its own conclusions from defendant's failure to keep these documents.

Under Fed. R. Evid. 401, evidence is "'relevant' if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'"  In this case, evidence of whether and when Couch gave plaintiff verbal warnings and whether plaintiff received a load late is relevant to the issue of whether defendant's proffered reason for terminating plaintiff was a pretext for race discrimination.

Fed. R. Evid. 403 provides that  "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

---

[2] "[B]ad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

needless presentation of cumulative evidence." Here, the probative value of evidence that defendant did not retain Couch's notes about verbal warnings and Naylor's loading documents is *not* substantially outweighed by the risk of unfair prejudice or any of the other factors listed in Fed. R. Evid. 403. Although plaintiff thus far is not entitled to an adverse inference instruction that production of these documents would have been unfavorable to defendant, plaintiff is entitled to introduce evidence of the circumstances surrounding these documents. Plaintiff likewise is entitled to suggest an adverse inference during closing argument.

Defendant requests the court exclude evidence of defendant's sexual harassment training program under Fed. R. Evid. 402 and 403. Defendant notes that plaintiff does not claim sexual harassment, and asserts evidence of the sexual harassment training program is not relevant to plaintiff's claim of racial discrimination, would confuse the issues, and needlessly extend the trial. Plaintiff concedes that, unless defendant "opens the door," evidence regarding defendant's sexual harassment training is irrelevant. In this respect, defendant's motion is granted as unopposed.

Defendant requests the court exclude, as irrelevant and unduly prejudicial, evidence of defendant's size or wealth, comparing the wealth or size of defendant to that of plaintiff, including any comments or references that characterize this case as one involving an individual against a large corporation, as well as direct or indirect references to defendant's ability to pay a judgment, ability to afford counsel, the number of attorneys appearing on behalf of defendant, costs of defense, the number of attorneys or offices of defense counsel,

the clothes or jewelry worn by counsel, staff and witnesses, the nature or number of trial exhibits, demonstrative exhibits and other evidence, witness fees, or any other matter promoting an inference that this case presents a "David and Goliath" situation.

Applying the standard of relevance set out in Fed. R. Evid. 401, the court finds the so-called "David and Goliath" evidence is irrelevant to the claims in this case.  Thus, defendant's motion is granted with respect to this issue.

Finally, defendant requests the court to preclude plaintiff from arguing or implying that defendant did not call certain witnesses because their testimony would have been favorable for plaintiff.  Defendant also asks the court to preclude plaintiff from speculating as to what others might have said had they been called as witnesses.  Plaintiff concurs that neither party should argue any negative inference from a party's failure to call a witness equally available to the parties.  *See Wilkins v. Kmart Corp.*, 487 F. Supp.2d 1216, 1220 (D. Kan. 2007).  With respect to this issue, defendant's motion is granted as unopposed.

In consideration of the foregoing,

IT IS HEREBY ORDERED that defendant's motion in limine **(doc. 65)** is granted in part and denied in part.

Dated this 30th day of December, 2008, at Kansas City, Kansas.

                                           s/ James P. O'Hara
                                           James P. O'Hara
                                           U.S. Magistrate Judge